```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN D. KIM,                                                :
                                                            :      24-CV-7022 (VEC) (RWL)
                            Plaintiff,                      :
                                                            :
            - against -                                     :      REPORT AND RECOMMENDATION
                                                            :      TO HON. VALERIE E. CAPRONI:
CITY OF NEW YORK,                                           :      MOTION TO DISMISS (Dkt. 15)
                                                            :
                            Defendant.                      :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiff John D. Kim, proceeding *pro se*, brings this action against Defendant City of New York (the "City"). In a scant complaint, Plaintiff alleges the City violated his First Amendment rights when a City official prevented him from "preaching Jesus" at a ferry terminal in Staten Island. (Dkt. 1 at 5.) Defendant moves to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court recommends that Defendant's motion be GRANTED with leave to amend.

## FACTUAL BACKGROUND[1]

Plaintiff's form Complaint includes a single-sentence statement of facts: "At the time and the place [Plaintiff] was preaching Jesus through the terminal screen, the City of New York an official disabled and decommissioned [Plaintiff's] JESUS preaching from the screen." (Dkt. 1 at 5.) The Complaint identifies the place of occurrence as the "Staten Island Whitehall ferry terminal screen," and the date of occurrence as June 29, 2023. (*Id.*

---

[1] In accordance with the standard for a motion to dismiss for failure to state a claim, the Court accepts all well-plead allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Lotes Co. v. Hon Hai Precision Industry Co.*, 753 F.3d 395, 403 (2d Cir. 2014).

1

Case 1:24-cv-07022-VEC-RWL   Document 23   Filed 07/14/25   Page 2 of 10


at 5). As the basis for the Court's jurisdiction, Plaintiff cites the First Amendment and unspecified "civil rights." (*Id.* at 2.)

## PROCEDURAL BACKGROUND

Plaintiff commenced this action on September 17, 2024. (Dkt. 1.) On February 21, 2025, Defendant moved to dismiss the Complaint for failure to state a claim. (Dkts. 14, 15.) Plaintiff filed his opposition on February 26, 2025 (Dkt. 18),[2] and Defendant filed a reply on March 21, 2025 (Dkt. 21). The case has been referred to me for general pretrial purposes as well as report and recommendation on dispositive motions. (Dkt. 4.)

## LEGAL STANDARDS

### A.   Rule 12(b)(6) Motion To Dismiss

To survive a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim upon which relief can be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). A claim is facially plausible when the factual content pled allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss for failure to state a cause of action, a district court "accept[s] all material facts alleged in the complaint as true and draw[s] all reasonable inferences in the plaintiff's favor." *Lotes Co.*, 753 F.3d at 403 (internal

---

[2] Plaintiff's Opposition does not substantively address Defendant's legal arguments for dismissal.

quotation marks and citation omitted).  However, this tenet is "inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  "[R]ather, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, *i.e.*, enough to make the claim plausible."  *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (internal quotation marks, brackets, and citation omitted).  A complaint is properly dismissed where, as a matter of law, "the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief."  *Twombly*, 550 U.S. at 558.

## B.    Review Of *Pro Se* Pleadings

"Pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).  "[T]he Second Circuit, as a general matter, is solicitous of pro se litigants, enforcing standards of procedural leniency rather than holding them to the rigidities of federal practice."  *Massie v. Metropolitan Museum of Art*, 651 F. Supp.2d 88, 93 (S.D.N.Y. 2009); *see Weixel v. Board of Education*, 287 F.3d 138, 141 (2d Cir. 2002) (reversing dismissal where "district court failed to construe the plaintiff's *pro se* complaint liberally"); *Ortiz v. Cornetta*, 867 F.2d 146, 148 (2d Cir. 1989) ("Once a pro se litigant has done everything possible to bring his action, he should not be penalized by strict rules which might otherwise apply if he were represented by counsel.").  That said, "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Triestman*, 470 F.3d at 477 (internal quotation marks and citation omitted).  Even in a lenient reading of a complaint, the Court may not "invent factual allegations."  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## DISCUSSION

The Complaint does not identify a specific cause of action. With the leniency afforded to *pro se* plaintiffs, the Court (like the City) interprets the Complaint as asserting a First Amendment claim under 42 U.S.C. § 1983, which provides a private right of action for violations of constitutional rights. The Court finds no independent "civil rights" claim, as it is unclear what civil or constitutional rights would be implicated by the facts alleged other than the First Amendment. (Dkt. 1 at 2.)

The City argues that the Complaint fails to state a claim and should be dismissed with prejudice pursuant to Rule 12(b)(6). (Dkt. 15 at 1.) Specifically, the City asserts Kim neither alleges a constitutional violation nor provides enough factual specificity to infer the City caused Plaintiff's injury. (*Id.*) Additionally, the City argues that Plaintiff has not alleged a policy or custom of the municipality that caused his injury, and thus cannot hold the City liable. (*Id.* at 7-8.)

The Complaint can be construed as asserting violations of both the Free Exercise Clause and Free Speech Clause of the First Amendment. It does not, however, sufficiently plead a plausible claim under either provision.

**A.    Plaintiff Fails To Adequately Plead A Violation Of The Free Exercise Clause**

"The Free Exercise Clause of the First Amendment, which has been applied to the States through the Fourteenth Amendment, provides that 'Congress shall make no law … prohibiting the free exercise [of religion].'" *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531, 113 S. Ct. 2217, 2225 (1993) (citation omitted) (quoting U.S. Const. amend. I). This prohibition extends not only to enacted laws, but also bars "the government or its representative [from taking a] negative action against an individual due to his exercise of [First Amendment] rights." *Smith v. Metro North Commuter*

4

*Railroad*, No. 98-CV-2528, 2000 WL 1449865, at *4 (S.D.N.Y. Sept. 29, 2000). "[T]he denial of a particular opportunity" to exercise one's religious beliefs "can give rise to a compensable injury." *Irish Lesbian & Gay Organization v. Giuliani*, 143 F.3d 638, 649 (2d Cir. 1998); *see Skates v. Shusda*, No. 14-CV-1092, 2016 WL 3882530, at *4 (N.D.N.Y. May 31, 2016) (allegation of "denial of a single religious meal … plausibly alleges [plaintiff's] First Amendment rights were substantially burdened"), *R. & R. adopted*, 2016 WL 3824342 (N.D.N.Y. July 13, 2016).

The standard of review for a Free Exercise claim depends on whether the challenged rule or action is neutral and generally applicable. *M.A. ex rel. H.R. v. Rockland County Department of Health*, 53 F.4th 29, 36 (2d Cir. 2022). Where the government conduct is neutral and generally applicable, rational basis review applies. *See Kane v. De Blasio*, 19 F.4th 152, 166 (2d Cir. 2021). In contrast, government conduct "that targets religious [expression] for distinctive treatment" will be subject to strict scrutiny. *Lukumi*, 508 U.S. at 546.

Even construed liberally, the Complaint offers no information for the Court to assess what level of scrutiny applies. For instance, the Complaint provides no information about why the screen was deactivated and whether it was pursuant to a permissible "neutral and generally applicable rule." *Kennedy v. Bremerton School District*, 597 U.S. 507, 526, 142 S. Ct. 2407, 2422 (2022). The minimal pleading also does not plead facts sufficient to show that the conduct of the City official was "'discriminat[ory] on its face,' or [that] religious exercise [was] otherwise its 'object.'" *Id.* (quoting *Lukumi*, 508 U.S. at 533). Indeed, the Court cannot even discern from the Complaint the nature of "the screen," its use and purpose, and how it was used to further Plaintiff's free exercise of religion.

5

Moreover, regardless of the applicable level of scrutiny, the Complaint fails to provide any detail that would allow the Court to reasonably infer that Plaintiff is entitled to relief.  *See* Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 557; *see also McCarthy v. New York*, No. 21-CV-1169, 2021 WL 1946332, at *3 (E.D.N.Y. May 13, 2021) (*sua sponte* directing plaintiff to amend where plaintiff simply claimed "I was deprived of my constitutional rights of blessing my children" because, without any context, "it is impossible for the Court to consider whether the alleged proscription was based on Plaintiff's specific religious beliefs and practices or involved a valid and neutral law of general applicability").

### B.    Plaintiff Fails To Adequately Plead A Violation Of The Free Speech Clause

The First Amendment provides that "Congress shall make no law ... abridging the freedom of speech." U.S. Const. amend. I.  "It is also common ground, however, that the First Amendment does not guarantee the right to communicate one's views at all times and places or in any manner that may be desired."  *Heffron v. International Society for Krishna Consciousness, Inc.*, 452 U.S. 640, 647, 101 S. Ct. 2559, 2564 (1981); *see Johnson v. Perry*, 859 F.3d 156, 171 (2d Cir. 2017)  ("nothing in the Constitution requires the Government freely to grant access to all who wish to exercise their right to free speech on every type of Government property without regard to the nature of the property or to the disruption that might be caused by the speaker's activities") (internal quotation marks and brackets omitted) (quoting *Cornelius v. NAACP Legal Defense & Educational Fund, Inc.*, 473 U.S. 788, 799-800, 105 S. Ct. 3439, 3447 (1985)).

With regard to speech on government property, courts apply a fact-intensive "three-prong test for analyzing governmental restrictions on expressive activity.  The first prong requires a determination of whether the speech in question is protected by the First

Amendment.  The second prong requires an identification of the nature of the forum for the speech.  The third requires an assessment of whether the government's exclusion of the speech from the particular forum is justified." *Trinity United Methodist Parish v. Board of Education*, 907 F. Supp. 707, 713 (S.D.N.Y. 1995) (citing *Cornelius*, 473 U.S. at 797).

Even read liberally and accepting all reasonable inferences in favor of the plaintiff, Plaintiff does not plead sufficient facts to plausibly allege a Free Speech claim under the First Amendment.  As with the Free Exercise claim, the Complaint lacks sufficient detail for the Court to even engage in a meaningful First Amendment analysis.  The Complaint leaves the Court unable to determine anything about the nature of "the screen" and, perhaps most crucially, the extent to which Plaintiff's preaching was impeded by the screen's deactivation, if at all.  Without details of this sort, the Court cannot discern whether plaintiff has a plausible claim for relief.  *See, e.g.*, *Saetta v. Raynor*, No. 24-CV-1785, 2025 WL 1258260, at *3 (S.D.N.Y. Apr. 24, 2025) (dismissing First Amendment claim pled "[w]ithout any specificity" as "to whom the Plaintiff spoke, when Plaintiff engaged in such speech and what exactly Plaintiff said"); *Burgin v. Brown*, No. 15-CV-201, 2018 WL 1932598, at *9 (W.D.N.Y. Apr. 24, 2018) (dismissing First Amendment claim premised only on "sparse" allegations); *Vasquez v. Rockland County*, No. 15-CV-8912, 2017 WL 456473, at *8 (S.D.N.Y. Feb. 1, 2017) ("Without providing specific facts beyond the conclusory allegations in the Amended Complaint, Plaintiff fails to state a claim under the First Amendment").

### C. Plaintiff Fails To Sufficiently Plead A *Monell* Claim

In addition to the failure to sufficiently plead a constitutional violation that would support a § 1983 claim, the Complaint also fails to sufficiently plead facts that would attach liability to New York City, the only named Defendant.  Under *Monell v. Department*

7

*of Social Services*, municipalities cannot be vicariously liable under § 1983 for their employees' acts. 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978). Instead, municipalities, like the City, are only liable for constitutional deprivations resulting from a policy or custom. *Id.* The Complaint, however, does not contain such an allegation.

A plaintiff may demonstrate that a policy or custom exists by introducing evidence of one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." *Jones v. Westchester County*, 182 F. Supp.3d 134, 158 (S.D.N.Y. 2016) (quoting *Brandon v. City of New York*, 705 F. Supp.2d 261, 276-77 (S.D.N.Y. 2010)). To prevail on a *Monell* claim, a plaintiff must also show that "there is a direct causal link between [the] municipal policy or custom and the alleged constitutional deprivation" he suffered. *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 1203 (1989).

The Complaint does not allege that the unidentified City official acted pursuant to a policy or custom. For instance, the Complaint does not allege a history of similar incidents; identify a particular policy authorizing the City official to disable the screen; include any allegation regarding the training and supervision that City officials at Whitehall Ferry terminal receive; or describe the City official's policymaking authority, if any.

Instead, the facts alleged in the Complaint describe what only appears to be a one-off incident. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 2436 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker"). As such, even if a constitutional violation were properly alleged, Plaintiff's § 1983 claim against the City would still be deficient.

### D.     Leave To Amend

The Court can imagine a set of facts consistent with and in addition to those pled in the Complaint that might give rise to one or more claims under the First Amendment. As such, the Court recommends Plaintiff be given leave to amend. *See Elder v. McCarthy*, 967 F.3d 113, 132 (2d Cir. 2020) ("Where a district court cannot rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim, a pro se complaint should not be dismissed without granting leave to amend at least once") (internal quotation marks and citation omitted); *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a *pro se* litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action").

## CONCLUSION

For the foregoing reasons, I recommend Defendant's motion to dismiss be GRANTED with leave to amend. To the extent not discussed above, the Court has considered the parties' arguments and found them to be either moot or without merit.

**PROCEDURES FOR FILING OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Any party shall have fourteen (14) days to file a written response to the other party's objections. Any such objections and responses shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Valerie E. Caproni, United States Courthouse, 500 Pearl Street, New York, New York 10007, and to the Chambers of the undersigned, at United States Courthouse, 500 Pearl Street, New York, New York 10007. Any request for an extension of time for filing objections must be addressed to Judge Caproni. **Failure to file timely objections will result in a waiver of the right to object and will preclude appellate review.**

RESPECTFULLY SUBMITTED,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 14, 2025
        New York, New York

Copies transmitted this date to all parties.