UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN D. KIM,

                Plaintiff,

    -against-

CITY OF NEW YORK,

                Defendant.

24-CV-7022 (VEC) (RWL)

ORDER ADOPTING REPORT & RECOMMENDATION

---

VALERIE CAPRONI, United States District Judge:

    Plaintiff John D. Kim sued the City of New York, alleging that it violated his First Amendment rights by preventing him from "preaching Jesus" at a Staten Island ferry terminal. *See* Compl., Dkt. 1.  The Court referred the case to Magistrate Judge Lehrburger for general pretrial case management and to issue a report and recommendation on any dispositive motions. Sept. 26, 2024, Order, Dkt. 4.  The City moved to dismiss.  Mot. to Dismiss, Dkt. 14 (the "Motion").  Magistrate Judge Lehrburger recommended that the Motion be granted and that the case be dismissed without prejudice and with leave to amend.  Report & Recommendation (the "R&R"), Dkt. 23.  Neither party filed objections to the R&R, although Plaintiff filed an Amended Complaint.  Dkt. 24.  The Motion is GRANTED, and the case is DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

    Plaintiff, who is proceeding *pro se*, sued the City of New York.  The sparse Complaint alleges, "At the time and the place [Plaintiff] was preaching Jesus through the terminal screen, the City of New York an official disabled and decommissioned [Plaintiff's] JESUS preaching from the screen."  Compl. at 5.  Plaintiff alleges that the incident occurred at the "Staten Island

1

Whitehall ferry terminal screen." *Id*. He claims that the City violated the First Amendment and other "civil rights." *Id.* at 2.

The Court referred the case to Magistrate Judge Lehrburger for general pretrial case management and for an R&R on any dispositive motions. *See* Sept. 26, 2024, Order. The City moved to dismiss, and Plaintiff opposed. *See* Mot.; Opp., Dkt. 18. Magistrate Judge Lehrburger recommended that the Court grant the Motion and dismiss the case without prejudice and with leave to amend. *See* R&R at 9. After the R&R was issued, Plaintiff filed a document titled "Objection (Amended Complaint)." *See* Dkt. 24. The document does not discuss the contents of Magistrate Judge Lehrburger's R&R, but rather appears to provide further details about the incident described in the Complaint.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72(b) advisory committee's note. "[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020).

Here, although Plaintiff has styled his response to the R&R both as an "Objection" and an "Amended Complaint," the Court cannot construe it an objection. Plaintiff's response consists solely of Bible verses, additional factual allegations, and general requests that the Court not dismiss the Complaint. *See* Objection (Amended Compl.) at 1–3. At no point does the response

2

argue that any of the legal or factual analysis contained in the R&R is incorrect. For purposes of deciding the instant Motion, the Court must construe the R&R as unopposed and review it for clear error only.

Careful review of the R&R reveals that there is no clear error in its conclusions. To the extent Plaintiff intends to raise a First Amendment claim pursuant to 42 U.S.C. § 1983, the Court agrees with Magistrate Judge Lehrburger that Plaintiff has failed to allege non-conclusory facts from which the Court may reasonably infer a violation of either the Free Exercise Clause or the Free Speech Clause. R&R at 4–7. To the extent Plaintiff intends to raise a claim pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Court agrees that such a claim is not cognizable because Plaintiff has failed to allege that a City official acted pursuant to a policy or custom. *Id.* at 7–9.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the R&R in full. Accordingly, Defendant's motion to dismiss is GRANTED. Because Plaintiff is *pro se* and it is possible that he may be able to allege additional facts sufficient to support a claim pursuant to § 1983 or *Monell*, the case is DISMISSED WITHOUT PREJUDICE and with leave to amend. If Plaintiff wishes for the Amended Complaint filed at Dkt. 24 to act as the operative complaint, he may notify Judge Lehrburger of that decision. Alternatively, if Plaintiff wishes to supplement his allegations further, he may file a Second Amended Complaint not later than **Thursday, August 21, 2025**. If Plaintiff does not file a Second Amended Complaint by such date, the Amended Complaint at Dkt. 24 will act as the operative complaint. Either way, the City must answer or otherwise respond to the operative complaint not later than **Thursday, September 11, 2025**.

      Because neither party objected to the R&R, and because the R&R expressly warned that the failure timely to object would result in the waiver of any such objections, appellate review of this decision is precluded.  *See* Fed. R. Civ. P. 72(b) advisory committee's note; *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604–05 (2d Cir. 2008).

**SO ORDERED.**

Date:  July 31, 2025
      New York, New York

                                            **VALERIE CAPRONI**
                                            **United States District Judge**